DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. After appellant Mary Carmony and appellee James Carmony agreed to the property and debt distribution issues surrounding their divorce, the issues of spousal support and attorney fees were submitted to the trial court. Ruling on those issues, the court determined that neither party should pay spousal support and that each party would be responsible for their own attorney's fees. From that judgment, appellant appeals, raising the following assignments of error:
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "The trial court abused its discretion in failing to award spousal support pursuant to R.C. 3105.19(C)(1) [sic], when the statutorily-mandated considerations, including relative earning ability, duration of the marriage, education, standard of living, and contribution to the partner's earning ability and professional degree, compel the conclusion that support ought to be awarded.
 {¶ 4} "Assignment of Error No. 2
 {¶ 5} "The trial court abused its discretion in failing to award attorney's fees, pursuant to R.C. 3105.18(H), to a wife who has much lower earnings, greater debt, and significantly less earning ability than the man she is divorcing."
 {¶ 6} Appellant and appellee were married on August 23, 1969. Although two children were born of the marriage, those children were emancipated by the time of the proceedings below. During the course of their marriage, both parties were employed as teachers at Emmanuel Baptist School in Toledo, Ohio, earning very modest incomes. Before the parties' children were in school full-time, appellant was a stay at home mother, supplementing the parties' income by teaching piano lessons. After their youngest child entered first grade in 1983, appellant returned to teaching full-time. In 1987, appellant had annual income of $12,760 and appellee had annual income of $23,278. In 1988, appellee left his teaching position to pursue a Ph.D., with the hope of eventually teaching at the college level. While appellee was pursuing his Ph.D., from 1989 until 1993, he also maintained a part-time job at The Anderson's and worked as a graduate assistant at the university. During that time, his income dropped to an average of $12,400 per year. To further supplement the parties' income, appellant continued to teach piano lessons. Appellee's income rose to approximately $23,000 per year for the years 1994 and 1995, and after attaining his Ph.D. in 1996, he returned to teaching at Emmanual Baptist School. In 1996, appellee earned approximately $26,000 per year while appellant was then earning approximately $20,000 per year.
 {¶ 7} In 1998, appellee obtained a position with the Sylvania Public School System as an assistant principal. At the time of the proceedings below, he was earning approximately $69,000 per year in that position. In 1999, appellant also obtained a teaching position with the Sylvania schools. At the time of the proceedings below, she was earning approximately $40,000 a year and was pursuing her masters degree, three-quarters of the cost of which was paid for by the Sylvania Public School System. Accordingly, when the parties separated in August 2000, they were each earning substantially more than they had made at any other time during their marriage.
 {¶ 8} On March 28, 2001, appellant filed a complaint for divorce, seeking among other things, spousal support and attorney's fees. Appellee answered and filed a counterclaim for divorce. Prior to the final hearing on the matter, the parties stipulated to an equal division of the marital property, with each receiving approximately $80,000 in marital assets. With regard to that property settlement, appellant received the marital home and agreed to be responsible for two mortgages on the home. After the final hearing, the trial court issued a decision and judgment entry incorporating the parties' settlement with regard to the marital property and debts, ordering that neither party shall pay spousal support to the other and ordering each party to pay their own attorney's fees. Appellant now challenges that judgment.
 {¶ 9} In her first assignment of error, appellant asserts that the trial court abused its discretion in failing to award her spousal support. Appellate review of a court's decision to grant or deny requested spousal support is limited to a determination of whether the court abused its discretion. Bowenv. Bowen (1999), 132 Ohio App.3d 616, 626. Absent an abuse of that discretion, a reviewing court may not substitute its judgment for that of the trial court. Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 131. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 10} The purpose of spousal support is to provide for the financial needs of the ex-spouse. R.C. 3105.18(A); Moell v.Moell (1994), 98 Ohio App.3d 748, 751. Although a court's decision regarding whether or not to award spousal support is discretionary, in deciding whether spousal support is "appropriate and reasonable" and in deciding the "nature, amount, and terms of payment, and duration of spousal support," the trial court must consider all of the fourteen factors found in R.C.3105.18(C)(1):
 {¶ 11} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 12} "(b) The relative earning abilities of the parties;
 {¶ 13} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 14} "(d) The retirement benefits of the parties;
 {¶ 15} "(e) The duration of the marriage;
 {¶ 16} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 17} "(g) The standard of living of the parties established during the marriage;
 {¶ 18} "(h) The relative extent of education of the parties;
 {¶ 19} "(i) The relative assets and liabilities of the parties, including but not limited to any court ordered payments by the parties;
 {¶ 20} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 21} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 22} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 23} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 24} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 25} In its decision denying appellant's request for spousal support, the trial court made the following findings. Until 1998, the parties' income levels were modest and throughout their approximately 33 year marriage they lived a modest lifestyle. Nevertheless, at the time of the proceedings below, appellant was earning approximately $40,000 per year with health and retirement benefits and was scheduled to receive her masters degree in June 2003. Upon completion of her masters degree, appellant was to receive a pay increase, although no evidence was presented below as to the amount of that increase. In contrast, appellee, who had attained his Ph.D., was earning approximately $69,000 per year and had the potential to earn an additional $1,700 as a college instructor. Appellant was 53 years old and appellee was 55 years old at the time of the proceedings below. Both parties were in good health. The parties had modest retirement benefits through the Ohio State Teachers Retirement System and Social Security. The parties' two children are emancipated. The parties divided their marital estate approximately equally and have comparable monthly expenses. Finally, while the court noted the parties' incomes during the period in which appellee was seeking his Ph.D., the court did not expressly find that appellant made any contribution to appellee's attainment of that degree or to his increased earning ability as a result of that degree.
 {¶ 26} Appellant asserts that the trial court abused its discretion in denying her request for spousal support where a consideration of the factors set forth in R.C. 3105.18(C) clearly requires such an award. Our review of the record, however, reveals that the court did consider the required factors. It simply reached the conclusion that, in light of those factors, a spousal support award was not appropriate or reasonable. In particular, it is noteworthy that throughout the parties' 33 year marriage, they only enjoyed the heightened standard of living that they now independently have in the final year that they were together. Although we do question whether the court adequately considered the contribution appellant made to appellee's attainment of his Ph.D., the record reveals that appellee did work, contributing income to the marriage, while attaining that degree and that he received free tuition for teaching at the university while working toward that degree. Accordingly, we cannot say that appellant's support of the family while appellee was working on his Ph.D. was such an overwhelming factor as to overshadow consideration of the other factors in R.C. 3105.18(C).
 {¶ 27} We therefore must conclude that the trial court did not abuse its discretion in denying appellant's request for spousal support and the first assignment of error is not well-taken.
 {¶ 28} In her second assignment of error, appellant challenges the trial court's denial of her request for approximately $3,600 in attorney's fees. A trial court's decision regarding the award of attorney's fees in a divorce proceeding should not be interfered with absent a clear showing of prejudice or an abuse of discretion. Birath v. Birath (1988),53 Ohio App.3d 31, 39. R.C. 3105.18(H) provides that the trial court may award reasonable attorney's fees to either party at any stage of a divorce proceeding if it determines that the other party has the ability to pay the fees that the trial court awards. The statute further states that, when determining whether to award fees pursuant to this division, the trial court must determine whether either party will be prevented from fully litigating his or her rights if reasonable attorney fees are not awarded.
 {¶ 29} In ordering that each party should pay their own attorney's fees, the trial court determined that appellant has and had ample resources and income from which to prosecute her claims and that there was no evidence that appellee had caused appellant to incur any unnecessary legal expenses or costs. Upon review, we must conclude that the record supports the trial court's findings. Accordingly, we cannot say that the trial court abused its discretion in denying appellant's request for attorney's fees and the second assignment of error is not well-taken.
 {¶ 30} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
Handwork, P.J., Knepper, J., and Pietrykowski, J., concur.