DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Domestic Relations Division, that, among other things, ordered shared parenting and spousal support. For the following reasons, we affirm.
 {¶ 2} The relevant facts are as follows. James and Beth Schoren were married in 1992. Three children were born of the marriage — Corrine, Anthony, and Dimitrius. The couple separated for the first time in 1993. Several separations followed, during which James moved out of the marital house where Beth remained with the children. The couple separated permanently in 2001.
 {¶ 3} Beth initiated this divorce proceeding on January 7, 2003. Citing the parties' incompatibility, the trial court granted them a divorce in an April 13, 2004 judgment entry. In its judgment entry, the court ordered, among other things, shared custody of the minor children. It designated Beth as the residential parent for school and medical purposes and James as the residential parent for eight weeks during the summer. The trial court indicated that its allocation decision was a "close call" because both James and Beth were fit parents — the quintessential case for shared parenting. The trial court also granted Beth $1,100 per month spousal support for 30 months. To derive the support amount, the court considered several of the R.C. 3105.18(C)(1) factors.
 {¶ 4} It is from the parental-rights allocation and spousal-support award that James raises the following two assignments of error:
 {¶ 5} "1. The trial court abused its discretion and erred to the prejudice of appellant and the parties' children when it did not designate appellant-father as the children's residential parent and legal custodian, either in a sole custody capacity or as the residential parent for school and medical purposes.
 {¶ 6} "2. The trial court abused its discretion and erred to the prejudice of the appellant in its prohibitive spousal support award of $1,100 per month."
 {¶ 7} In his first assignment of error, James asserts that the trial court abused its discretion by not designating him as the residential parent and legal custodian of his children. Trial courts retain broad discretion in custody determination matters. Trickey v. Trickey (1952),158 Ohio St. 9, 13-14. Upon reviewing a trial court's custody determination, this court must uphold the decision unless the trial court abused its discretion. Sayre v. Hoelzle-Sayre (1994),100 Ohio App.3d 203, 210, appeal dismissed (1995), 72 Ohio St.3d 1218. An "`abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent a showing that the trial court's attitude was "unreasonable, arbitrary or unconscionable," this court will affirm the trial court's custody determination. Sayre, 100 Ohio App.3d at 210. Moreover, it is the trial court's task to determine factual disputes and "weigh the testimony and credibility of witnesses," Gardini v. Moyer (1991),61 Ohio St.3d 479, 484, rehearing denied (1991), 62 Ohio St.3d 1419, and this court will not engage in that task upon appellate review, Syslo v.Syslo, 6th Dist. No. L-01-1273, 2002-Ohio-5205, at ¶ 37, appeal denied (2003), 98 Ohio St.3d 1477, certiorari denied (2003), 540 U.S. 983.
 {¶ 8} The trial court's April 13, 2004 judgment entry indicates that it followed the recommendation of the guardian ad litem ("GAL") when allocating the custody of Corrine, Anthony, and Dimitrius. The court noted that the custody determination was a "close call" and that "if there was ever a need for shared parenting, this case is it." The GAL recommended shared parenting because the "parties are both suitable parents," and concluded that the children, living with Beth, were doing well in their current school district. In addition to the GAL's recommendation, both parties' witnesses indicated that James and Beth were both suitable parents.
 {¶ 9} The record reveals that this custody determination was clearly a "close call." It was not unreasonable, arbitrary, or unconscionable for the court to designate Beth as the children's residential parent and legal custodian during the school year. A review of the trial court's decision, supplemental decision, and judgment entry makes clear that the trial court considered the factors in R.C. 3109.04(F)(1) for determining the children's best interests and in R.C. 3109.04(F)(2) for determining whether shared parenting is appropriate. See In re Henthorn (Nov. 28, 2001), 7th Dist. No 00-BA-37 (noting that the trial court need not explicitly state in the judgment entry its findings on each factor). Thus, we cannot say that the trial court abused its discretion by not designating James as the residential parent and legal custodian of the children during the school year. James' first assignment of error is not well-taken.
 {¶ 10} In his second assignment of error, James asserts that the trial court abused its discretion by awarding $1,100 per month spousal support. "Appellate review of a court's decision to grant or deny requested spousal support is limited to a determination of whether the court abused its discretion." Carmony v. Carmony, 6th Dist. No. L-02-1354, 2004-Ohio-1035, at ¶ 9. Absent an abuse of discretion, this court may not substitute its judgment for the trial court's judgment.Id.
 {¶ 11} A trial court has broad discretion in awarding spousal support, but its determination is controlled by the R.C. 3105.18(C)(1) factors. E.g., Carmony, 2004-Ohio-1035, at ¶ 10. Although the trial court need not enumerate each R.C. 3105.18(C)(1) factor, it must demonstrate that it considered all the "relevant factors." Stockman v.Stockman (Dec. 15, 2000), 6th Dist. No. L-00-1053. And with respect to the relevant factors, "the trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is `fair, equitable and in accordance with the law.'" Crites v.Crites, 6th Dist. Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, at ¶ 27, quoting Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97. Thus, if the record reflects that the trial court considered the relevant factors in R.C. 3105.18(C)(1), and the trial court's judgment contains detail sufficient to enable a reviewing court to determine that the spousal support award is fair, equitable, and in accordance with the law, then the award for spousal support will be upheld.
 {¶ 12} R.C. 3105.18(C)(1) provides:
 {¶ 13} "In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 14} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 15} "(b) The relative earning abilities of the parties;
 {¶ 16} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 17} "(d) The retirement benefits of the parties;
 {¶ 18} "(e) The duration of the marriage;
 {¶ 19} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 20} "(g) The standard of living of the parties established during the marriage;
 {¶ 21} "(h) The relative extent of education of the parties;
 {¶ 22} "(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 {¶ 23} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 24} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 25} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 26} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 27} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 28} The trial court's April 13, 2004 judgment entry provides that it "considered all the factors of R.C. 3105.18 * * *." In its judgment entry granting Beth's request for spousal support, the trial court noted that James earned approximately $60,000 and that Beth was not working and had been a homemaker. The court stated that both parties had exhibited poor financial judgment and that Beth was unwilling to pull herself out of her "dire financial situation." The court found that Beth further complicated the couple's financial situation by feigning work-related ailments and by not leasing property she owned in a different city. Furthermore, the court found that Beth needed to re-enter the workforce to provide for her children. Finally, the court addressed the tax consequences of spousal support on both Beth and James.
 {¶ 29} A review of the trial court's judgment entry reveals that it specifically considered the following factors when ordering $1,100 per month spousal support: R.C. 3105.18(C)(1)(a) (the parties' income), (b) (the parties' earning abilities), (d) (the parties' retirement benefits), (e) (the duration of the marriage), (i) (the parties' assets and liabilities), (j) (Beth's contribution to James' earning ability), and (l) (the tax consequences of spousal support).
 {¶ 30} We find that the trial court properly considered the relevant factors in R.C. 3105.18(C)(1) in making its spousal support award. We also find that the trial court's judgment contained detail sufficient for us to determine that the spousal support award was fair, equitable, and in accordance with the law. Therefore, we cannot say that a $1,100 per month award to Beth for 30 months is an abuse of discretion. James' second assignment of error is not well-taken.
 {¶ 31} On consideration whereof, we find that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the court costs of this appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J., Concur.