DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Lori D. Hart, appeals the February 6, 2007 judgment of the Huron County Court of Common Pleas, Domestic Relations Division, which granted her a divorce from plaintiff-appellee, William Taylor Hart, III, and addressed the issues of property distribution and spousal support. Because we find that the trial court did not abuse its discretion, we affirm. *Page 2 
 {¶ 2} The parties were married in May 2000, and no children were born during the marriage. Just prior to their wedding the parties executed an antenuptial agreement; subsequently, the court found that the agreement was unenforceable as it related to the allocation of property rights because the agreement did not address property distribution upon divorce.
 {¶ 3} Prior to and during the marriage, appellee was president of and a 50 percent shareholder in Hart Advertising, Inc., a billboard advertising company. In 2001, Hart Advertising sold appellant the company known as Hart Brochures Service for $82,000. Since that time, Hart Brochures has operated at a loss or near loss.
 {¶ 4} On April 22, 2005, appellee filed a complaint for divorce. On May 16, 2005, appellee was ordered to pay temporary spousal support in the amount of $1,428 per month. On June 5, 2005, appellant filed her answer and a counterclaim for divorce.
 {¶ 5} On August 16 and 17, 2006, the trial in the matter was held. The parties both testified and each provided expert testimony regarding the valuations of Hart Advertising and Hart Brochures. Appellant also provided the testimony of a certified fraud examiner regarding appellee's disclosure of real property owned. Finally, appellee's sister and business partner, Gay Hart Sanders, testified.
 {¶ 6} On December 18, 2006, the magistrate issued his decision. Regarding the matters at issue, the magistrate found that $40,000 in equity value of the parties' marital residence was transferred prior to the marriage by appellee's mother to appellee and, thus, was appellee's separate property. The magistrate determined that appellee did not fail to *Page 3 
disclose his ownership interest in multiple parcels of real estate he jointly owned and that, in any event, the parcels were appellee's separate property. Appellant was also denied her request for spousal support.
 {¶ 7} Appellant timely filed objections to the magistrate's decision; on February 6, 2007, the trial court affirmed the magistrate's decision with the exception of the appreciation of appellee's stock in Hart Advertising which he determined was marital property and subject to division (the magistrate had previously determined that it was passive income and, thus, appellee's separate property.) Appellant then filed a notice of appeal.
 {¶ 8} Appellant now raises the following four assignments of error:
 {¶ 9} "I. The trial court erred in failing to grant appellant half the equity in real estate obtained by the parties during the course of the marriage.
 {¶ 10} "II. The trial court erred in failing to grant a distributive award to appellant on real estate concealed by appellee in excess of one half a million dollars.
 {¶ 11} "III. The trial court erred in failing to grant appellant any spousal support where appellee earns almost $300,000.00 per year and has assets in excess of two million dollars and appellant makes less than $20,000 per year.
 {¶ 12} "IV. The trial court erred in allowing appellee to claim $40,000.00 as premarital equity in the marital residence where the record demonstrates that equity is in a different parcel of property." *Page 4 
 {¶ 13} In appellant's first assignment of error she contends that the trial court erroneously failed to award her one-half the equity in the four parcels real estate that appellant jointly owned and that she argues was concealed by appellee during discovery. Appellant further asserts that appellee failed to produce any evidence to establish that the property was owned prior to their marriage.
 {¶ 14} A trial court has broad discretion in fashioning a property division in a divorce. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. Absent an abuse of that discretion, a reviewing court may not substitute its judgment for that of the trial court. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Appellant presented the testimony of Raymond Dunkle, CPA and certified fraud examiner, to establish that appellee concealed the parcels of real estate. Dunkle testified that, contrary to appellee's discovery responses indicating that the only real estate he had an interest in was the marital residence; he owned a one-half interest in four parcels of property with a total value of $537,000.
 {¶ 16} Dunkle was questioned regarding the discovery responses; specifically, appellee's answers to appellant's third request for production of documents which was divided into a personal property and a business property section. Request for Production No. 2, item 23, requested that appellee provide various "personal" records including: "A *Page 5 
schedule of all real estate interests therein owned by the party, directly, indirectly, or in any manner whatsoever, wherever located throughout the world * * *." Appellee responded that his only real estate interest was the marital residence. Dunkle testified that the request stated "all real estate" and that appellee's answer was a misrepresentation of fact.
 {¶ 17} In general, expert testimony is admissible if it will assist the trier of fact in understanding the evidence or determining a fact in issue. Tolliver v. Tolliver (Jan. 22, 1991), 12th Dist. No. CA90-07-015, citing Evid.R. 702. However, "[t] he finder of fact is the sole weigher of credibility of witnesses and testimony and can accept all, part or none of the testimony offered by a witness, whether the testimony is expert or not." Breslau v. Breslau (June 14, 1990), 8th Dist. No. 56996, citing McKay Machine Co. v. Rodman (1967), 11 Ohio St.2d 77, 82. See, also, Tolliver, supra. In its December 18, 2006 decision, the magistrate stated that he "[wa] s not impressed or swayed by Wife's misleading argument that Husband failed to disclose [the] real estate" and that the parcels were separate property. Because the trial court was best able to weigh the credibility of the expert and was more familiar with the history and facts of the case, and because we have found other evidence in the record demonstrating that appellee did not conceal his interest in the parcels,[1] we find that appellant's first assignment of error is not well-taken. *Page 6 
 {¶ 18} In conjunction with appellant's first assignment of error, in appellant's second assignment of error she argues that because appellee concealed property the trial court wrongfully denied her request for a distributive award under R.C. 3105.171(E)(3). This section provides: "If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property." Because we have found that appellee did not conceal the property, we cannot say that the trial court abused its discretion when it failed to grant appellant a distributive award. Appellant's second assignment of error is not well-taken.
 {¶ 19} In appellant's third assignment of error she contends that the trial court abused its discretion when it failed to award spousal support. Appellate review of a court's decision to grant or deny requested spousal support is limited to a determination of whether the court abused its discretion. Bowen v. Bowen (1999),132 Ohio App. 3d 616, 626. A trial court's broad discretion in awarding spousal support is controlled by the R.C. 3105.18(C)(1) factors. Carmony v.Carmony, 6th Dist. No. L-02-1354, 2004-Ohio-1035, at ¶ 10. The trial court is not required to comment on each factor. Instead, the record need only show that the court considered each factor in making its spousal support award. Tollman v. Tollman, 6th Dist. No. F-03-008,2004-Ohio-895; Stockman v. Stockman (Dec. 15, 2000), 6th Dist. No. L-00-1053. *Page 7 
 {¶ 20} R.C. 3105.18(C)(1) provides:
 {¶ 21} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 22} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 23} "(b) The relative earning abilities of the parties;
 {¶ 24} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 25} "(d) The retirement benefits of the parties;
 {¶ 26} "(e) The duration of the marriage;
 {¶ 27} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 28} "(g) The standard of living of the parties established during the marriage;
 {¶ 29} "(h) The relative extent of education of the parties;
 {¶ 30} "(i) The relative assets and liabilities of the parties, including but not limited to any court ordered payments by the parties; *Page 8 
 {¶ 31} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 32} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 33} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 34} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 35} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 36} In the present case, denying appellant's request for spousal support the magistrate noted that he considered the factors in R.C.3105.18. The magistrate found that in 2005, appellant's income was $19,807, and that appellee's total income, including wages, dividends, rentals, and director's fees, was $287,519. The magistrate indicated that in 1999, appellant earned approximately $8 per hour as a restaurant hostess. No retirement benefits were noted.
 {¶ 37} The magistrate further found that at the time of trial, appellee was 59 years old, and that appellant was 52 years old and suffered from osteoporosis and skin cancer. Appellant had prior hospitalizations for mental health issues and attends counseling. The *Page 9 
magistrate found that neither appellant's physical nor her mental health issues had substantially impacted her ability to work.
 {¶ 38} The magistrate further noted that the parties had been married for only six years and that no children were born during the marriage. Regarding the parties' education, the magistrate indicated that appellee attended college for six years but never obtained a degree; appellant earned a bachelor's degree in education and had pursued additional education. It was noted that there was no evidence that appellant was pursuing any additional education or training.
 {¶ 39} The magistrate found that appellant did not contribute significantly to appellee's earning ability and that there was no evidence to demonstrate that appellant lost "income production capacity" as a result of the marriage. Appellee did, however, contribute to appellant's earning ability by using marital property to purchase Hart Brochures. Finally, the magistrate noted that appellant failed to produce evidence of her necessary living expenses.
 {¶ 40} After careful review of the magistrate's decision and the relevant trial testimony, we cannot say that the trial court abused its discretion when it failed to award appellant spousal support. Appellant's third assignment of error is not well-taken.
 {¶ 41} Appellant's fourth and final assignment of error challenges the trial court's determination that the $40,000 in equity gifted to appellee prior to the marriage was for the property at 530 State Route 61 East, the marital residence. Appellant contends that *Page 10 
appellee's mother had gifted him $40,000 in equity in 524 State Route 61 East which, as of the date of trial, she still owned.
 {¶ 42} At trial, a history of the property at issue was presented. Appellee testified that his parents purchased 22 acres in 1975; they continued to purchase adjoining properties until they owned approximately 100 acres. Appellee testified that in 1995, his mother moved to Arizona and that he maintained 22 acres of her property; in 2000, she executed a quitclaim deed giving him the property. Appellee testified that in 1996, his mother indicated that she began gifting him $10,000 equity in the property with the intent of eventually gifting the entire parcel. Appellee chose the address, 530 State Route 61 East, after the residence was built.
 {¶ 43} During cross-examination, appellee was questioned regarding the property at 524 State Route 61 East, the house where his mother lived and is still deeded in her name. Appellee admitted that the yearly documents gifting him $10,000 in equity each stated that it was for 524 State Route 61 East.
 {¶ 44} Upon review of the record below we cannot say that the trial court abused its discretion when it found that $40,000 in equity was intended for 530 State Route 61 East. This fact is evidenced by the quitclaim deed executed by Gloria Hart in favor of appellee. The address of the marital residence was nonexistent at the time of the gifts. Accordingly, we find that appellant's fourth assignment of error is not well-taken.
 {¶ 45} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Huron County Court of Common Pleas, *Page 11 
Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR.
[1] Specifically, appellee clearly listed his joint interest in the property in his affidavit of income, expenses, and property filed with the court on April 22, 2005. Further, Joint Exhibit A, from the Huron County Auditor's office, lists appellee and Gay Hart Sanders as owners of the property at issue; the date of ownership predates the parties' marriage. *Page 1