DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the December 19, 2006 judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce, awarded the appellee, Cheryl Schroeder, child and spousal support, and awarded appellee a portion of her attorney fees. Because we find that the trial court did not abuse its discretion, we affirm. *Page 2 
 {¶ 2} The relevant facts are as follows. The parties were married in 1983. Three children, two of which were minors during the course of the proceedings, were born issue of the marriage. On July 20, 2005, appellee filed a complaint for divorce. On July 29, 2005, appellant, Michael Schroeder, filed an answer and a counterclaim for divorce. The parties came to an agreement regarding the division of marital property, child custody and visitation and companionship. The parties agreed that appellee would be the primary residential parent and that appellant would be entitled to liberal visitation. The parties agreed that appellant would pay child support and provide health insurance for his minor children. It was agreed that appellee would receive the residential real estate, subject to two mortgages, and that she would refinance the mortgage and pay appellant $35,000, his share of equity in the real estate. Further, appellee was to receive approximately $1,000 per month from appellant's pension.
 {¶ 3} On July 11, 2006, a hearing was held on the issues of child support, spousal support, and attorney fees. At the hearing, the following evidence was presented. Appellee testified that she is 44 years old and that prior to her marriage she attended The University of Toledo for approximately one-and-one-half years as a fine arts major. Appellant then held various jobs including part-time work at a hair salon and at a print shop doing layout design. From 1994 though 1997, appellee did not work. In 1998, appellee worked part-time at the Swan Creek Candle Company painting clay pots. In 1999, appellee earned $8,754; in 2000, appellee's earnings went up to $12,455. *Page 3 
 {¶ 4} Appellee testified that in 2003, she began painting wall murals in residential homes and businesses. Appellee does not advertise; her business is largely word-of-mouth and exposure from her work displayed in model homes. Appellee stated that she quotes the price by job, not labor hours. Appellee testified that in 2005, she was painting murals full-time. Appellee was questioned regarding her 2005 federal income tax return. According to her self-employment, Schedule C form, appellee made $27,458 in gross receipts. Appellee listed $6,924 as the cost of goods sold with a gross profit of $20,534, and a net profit of $12,821. At the time of the July 2006 hearing, appellee's business had earned approximately $13,000 in gross income.
 {¶ 5} During cross-examination, appellee was questioned about the success of her business. Appellee denied telling a potential client in February 2006, that she would not be able to start the project until July because she was too busy.
 {¶ 6} The potential client testified that she is a private investigator and that she was hired by appellant to determine if appellee was working. The investigator worked part-time at a bar; the bar owner expressed interest in putting some martini murals on the walls. According to the investigator in March 2006, appellee told her that she could start the project after April 1. The investigator said that in May 2006, appellee indicated that she could not begin the job until July 1. The investigator testified that appellee mentioned a job she had finished and that she had a job scheduled in Naples, Florida. The investigator said that she never called appellee back because the bar owner never gave his approval. *Page 4 
 {¶ 7} Appellant testified that he retired from Jeep and works at Federal Express as a truck driver. Appellant testified that he had paid the $1,100 monthly mortgage since the parties separated about two years ago. Appellant stated that one-third of his monthly pension is paid to appellee. Appellant stated that he currently lives in a house owned by his father and pays approximately $500 per month in rent.
 {¶ 8} On December 19, 2006, the trial court entered a judgment entry of divorce. At issue, the court ordered that appellant pay spousal support to appellee in the sum of $850 monthly, for seven years. In making its determination, the court deemed that appellee's income was $26,250, or $11,000 from the Jeep pension and $15,000 from her business. The trial court noted that the order was subject to a "substantial change in circumstances" which specifically included "[a] substantial increase in Plaintiffs business income." Appellant timely commenced this appeal.
 {¶ 9} Appellant has raised the following assignments of error for our consideration:
 {¶ 10} "I. The trial court erred and abused its discretion in ordering the defendant to pay spousal support.
 {¶ 11} "II. The trial court committed error in determining the income of the parties."
 {¶ 12} We will address appellant's assignment of error in reverse order because the calculation of the parties' income impacts the award of spousal support. In his second assignment of error, appellant argues that the trial court erred by using appellant's gross *Page 5 
income and appellee's net income, without explanation, when determining child and spousal support.
 {¶ 13} We first note that the trial court's factual findings must be supported by competent, credible evidence. Kelly v. Kelly (1996),111 Ohio App.3d 641, 642, and Carpenter v. Carpenter, 6th Dist. No. WD-01-028, 2002-Ohio-526. Upon review, we find that the trial court did not improperly use appellant's net income in calculating spousal support. In appellee's Schedule C form she listed $27,458 in gross receipts and $20,534 in gross income. The income listed was the income of the business, not of appellee. Appellee was then permitted to deduct business expenses. Subtracting the expenses, the net profit of the business was $12,821, which translates to appellee's gross income; this amount was reported on line 12 of the parties' 2005, 1040 form. Upon review, we cannot say that the business expenses deducted by appellee were improper. Accordingly, the court's findings as to the parties' income were supported by competent evidence and appellant's second assignment of error is not well-taken.
 {¶ 14} In appellant's first assignment of error he contends that the trial court abused its discretion when it awarded spousal support. Appellate review of a court's decision to grant or deny requested spousal support is limited to a determination of whether the court abused its discretion. Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. A trial court's broad discretion in awarding spousal support is controlled by the R.C. 3105.18(C)(1) factors. Carmony v. Carmony, 6th Dist. No. L-02-1354, 2004-Ohio-1035, ¶ 10. The trial court is not required to comment on each factor; instead, the record need *Page 6 
only show that the court considered each factor in making its spousal support award. Tollman v. Tollman, 6th Dist. No. F-03-008,2004-Ohio-895; Stockman v. Stockman (Dec. 15, 2000), 6th Dist. No. L-00-1053.
 {¶ 15} R.C. 3105.18(C)(1) provides:
 {¶ 16} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 17} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
 {¶ 18} "(b) The relative earning abilities of the parties;
 {¶ 19} "(c) The ages and the physical, mental, and emotional conditions of the parties;
 {¶ 20} "(d) The retirement benefits of the parties;
 {¶ 21} "(e) The duration of the marriage;
 {¶ 22} "(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 {¶ 23} "(g) The standard of living of the parties established during the marriage;
 {¶ 24} "(h) The relative extent of education of the parties; *Page 7 
 {¶ 25} "(i) The relative assets and liabilities of the parties, including but not limited to any court ordered payments by the parties;
 {¶ 26} "(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 {¶ 27} "(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 {¶ 28} "(l) The tax consequences, for each party, of an award of spousal support;
 {¶ 29} "(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 {¶ 30} "(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 31} In this case, it is clear that the trial court considered the R.C. 3105.18(C)(1) factors. The court set appellant's income at $65,260, and appellee's income at $26,250, with a $5,000 debit for health insurance premium costs. The court noted that appellant has a significant pension, medical insurance, a decent wage as a truck driver, and significant financial assets. The court acknowledged that appellee is an "accomplished artist" and although her business has significant income potential it remains "unproven" due to the art field's "volatile" and "capricious" nature. The court noted that the parties *Page 8 
have been married for 23 years and have three children, two of which were minors. Further, the court indicated that appellee was attempting to maintain the marital home which was "encumbered with significant debt." Thereafter, in making the spousal support award, the court stressed that a future "substantial increase" in appellee's business income could affect the amount of the award.
 {¶ 32} Based on the foregoing, we cannot say that the trial court abused its discretion when it made the spousal support award. Appellant's first assignment of error is not well-taken.
 {¶ 33} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 9 
MARK L. PIETRYKOWSKI, P.J., ARLENE SINGER, J., WILLIAM J. SKOW, J., CONCUR.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 1