JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Curtis Tate, appeals his conviction for robbery, in violation of R.C. 2911.02(A)(3), following a bench trial in the Court of Common Pleas, Criminal Division. The appellant claims the evidence produced against him was insufficient to support his robbery conviction. For the reasons set forth below, we affirm.
 {¶ 2} On October 30, 2001, Curtis Tate ("Tate") attempted to steal four cans of Spam and four jars of Sanka coffee, a total combined value of $18.30, from The Reserve Square Market in Cleveland While attempting to leave the store with the merchandise, Tate was apprehended by DeVaughn Garrison, a store employee. Garrison had observed Tate stuff four jars of Sanka coffee into his coat.
 {¶ 3} Garrison asked Tate to accompany him to an office in the store where they both were joined by the store manager, Lou Bancho. Garrison was standing in the doorway and Tate was standing inside the office. Tate complied with Garrison's instructions and removed the stolen merchandise from his coat and pants legs. Bancho left the office to call the police, and Garrison began to fill out criminal trespass forms with Tate.
 {¶ 4} Approximately ten to fifteen minutes later, Bancho returned to the office and informed Tate that the police were on the way. According to Bancho's testimony, Tate became agitated and attempted to exit the office by pushing past Garrison's arm which was blocking the doorway. While attempting to push past Garrison's arm, Tate's shoulder bumped Garrison in the chest causing Garrison's head to hit the door jam. Garrison testified he quickly subdued Tate and prevented him from leaving. As a result of Garrison's head hitting the door jam, he suffered a headache, but was otherwise uninjured.
 {¶ 5} On December 18, 2002, the Cuyahoga County Grand Jury indicted Tate on one count of robbery, in violation of R.C.2911.02. On March 12, 2003, Tate waived his right to a jury trial. After the bench trial concluded, Tate was found guilty of the lesser included offense of robbery of the third degree, in violation of R.C. 2911.02(A)(3). Tate was sentenced to one year incarceration.
 {¶ 6} The appellant presents this sole assignment of error for our review:
 {¶ 7} "The evidence adduced at trial is insufficient to uphold a conviction of robbery thereby denying the appellant his right to due process as guaranteed by the fourteenth amendment of the U.S. Constitution, Article I, Section 10 of the Ohio Constitution and State v. Ballard (1984), 14 Ohio App.3d 59."
 {¶ 8} In State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at paragraph two of the syllabus.
 {¶ 10} More recently, in State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 11} "With respect to sufficiency of the evidence, `"sufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 [*387] S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 12} Finally, we note that a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent credible evidence which goes to all the essential elements of the case. Cohen v. Lamko (1984), 10 Ohio St.3d 167,462 N.E.2d 407.
 {¶ 13} The appellant claims the evidence against him was insufficient to support his conviction for robbery because the elements of the offense did not occur simultaneously. The appellant specifically argues that the required element of force used to flee did not occur immediately after the attempted theft.
 {¶ 14} The appellant was convicted of R.C. 2911.02(A)(3), which states:
 {¶ 15} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 16} "* * *
 {¶ 17} "(3) Use or threaten the immediate use of force against another."
 {¶ 18} In the instant matter, it is undisputed that the appellant attempted to steal four cans of Spam and four jars of Sanka coffee. This fact constituted the element of attempted theft. It is also undisputed that the appellant did not use force or a threat of force in attempting to steal the merchandise from the store; therefore, we will focus on the appellant's use of force in attempting to flee immediately after the attempted theft in order to constitute the essential elements of robbery. (Emphasis added.)
 {¶ 19} In order to sustain a conviction for robbery, the appellant must use or threaten the immediate use of force in attempting to flee after an attempted theft offense. These elements must occur immediately after one another in order to complete the crime of robbery.
 {¶ 20} The court in State of Ohio v. McDonald (Dec. 6, 2001), Cuyahoga App. No. 78939, defined the term "immediately" as it relates to the offense of robbery:
 {¶ 21} "`Immediately' is typically defined as follows: (1) without lapse of time; without delay; instantly; at once; (2) without intervening medium or agent; concerning or affecting directly; (3) with no object or space intervening. * * * However, immediately is not a word capable of a hard and fast definition to every applicable situation. Whether the action is immediate depends upon the circumstances of the case. State v. Thornton
(May 12, 1977), Frankin App. No. 77AP-53. At the same time, immediately does not mean that all elements of a crime must occur concurrently or simultaneously in order for a crime to have been completed. State v. Meisenhelder (Oct. 12, 2000), Cuyahoga App. No. 76964. Rather, it is sufficient to establish that the separate acts forming the elements of a crime constitute a single continuous transaction. Meisenhelder, supra. At a trial for robbery, whether the use of force occurs `immediately' after a theft offense is a question for the trier of fact. State v.Costa (Dec. 31, 1998), Greene App. No. 98-CA-32; State v.Wright, (Feb. 3, 1997), Clermont App. No. CA96-02-022." Id. at 9-10.
 {¶ 22} In the instant matter, after being stopped by Garrison, the appellant voluntarily accompanied Garrison to an office in the store and, upon Garrison's request, returned the merchandise he had attempted to steal. Ten to fifteen minutes later, when the appellant was informed that the police had been called, he became agitated and attempted to physically push past Garrison in order to leave the office where he was being detained.
 {¶ 23} The State argues that the "continuous transaction rule," found in State of Ohio v. Hughes, Cuyahoga App. No. 81768, 2003-Ohio-2307, applies to the instant case and that the force used by the appellant against Garrison in an attempt to escape the office is part of the same transaction as the attempted theft; therefore, the requirement of "using force to flee immediately after" is fulfilled, and the appellant's conviction for robbery should be upheld. We agree.
 {¶ 24} In Hughes, the defendant was observed taking infant clothing off hangers, putting them into bags and leaving the store. In the parking lot, the defendant was confronted by a store employee who had observed the defendant stealing the clothes. The defendant immediately started to run away with the merchandise, was grabbed by the store employee, and a fight ensued between them. All the while, the stolen merchandise was with the defendant, who was using force to immediately flee from a store employee while attempting to complete the crime of theft.
 {¶ 25} The court in Hughes held, "The element of force or harm differentiates robbery from theft. Where a defendant struggles with a security guard while resisting apprehension after a shoplifting incident, this court has applied the `single continuous transaction' rule and held that such conduct, as part of a single continuous act committed by the defendant, constitutes sufficient evidence to establish the force of harm element of the crime of robbery in this context. Accordingly, this court has always rejected these defendants' sufficiency claims." Id. at ¶ 23. In the instant matter, the appellant struggled with the store personnel in order to avoid being apprehended and arrested by the police. The finder of fact, which in this case was the trial judge, determined that the use of force in order to escape the office happened immediately following the attempted theft; therefore, given the application of the continuous transaction rule, we find any rational trier of fact, after viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of robbery proven beyond a reasonable doubt. We therefore affirm the decision of the trial court.
Judgment affirmed.
Gallagher, J., concurs. (see separate concurring opinion).
 Karpinski, J., dissents. (see separate dissenting opinion).