DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division. Appellant, Donald R. Crites, asserts that the following errors occurred in the proceedings below:
 {¶ 2} "The trial court erred as a matter of law in considering appellant's pre-marital veterans administration disability benefits in arriving at a spousal support determination under Ohio Revised Code Section 3105.18(C)(1)(a)."
 {¶ 3} "Assuming arguendo that Ohio Revised Code Section3105.18(C)(1)(a) requires the court to `consider' appellant's veterans administration disability benefits in determining spousal support, these benefits should not be used in determining or funding spousal support where the combined income of the parties from other sources is sufficient to meet the parties combined reasonable expenses and the trial court abused its discretion and erred as a matter of law in using these benefits to fund spousal support under the facts of this case."
 {¶ 4} "Based upon the factual findings of the trial court, the trial court abused its discretion and erred as a matter of law in ordering spousal support in an amount which is not fair, equitable or reasonable and the trial court abused its discretion in failing to indicate the basis for its award in sufficient detail to enable a reviewing court to determine if the award is fair, equitable and in accordance with law."
 {¶ 5} "The court's determination that `Donald [Husband/Appellant] will receive a VA disability benefit in excess of $12,000 per year * * *' is against the manifest weight of the evidence and the court erred in using this amount in establishing spousal support."
 {¶ 6} "The court's determination that the property division was based upon husband's assumption of the student loan and IRS debt is against the manifest weight of the evidence and the court erred in failing to address these debts in accord with the agreement and stipulation of the parties."
 {¶ 7} Appellant and appellee, Diane K. Crites were married on March 31, 1972. At the time of the marriage, appellant was receiving United States Veteran's Administration ("VA") disability benefits as the result of a shoulder injury he received while serving in the military in Vietnam. Appellant and appellee have four children, all of whom are emancipated. However, for the purpose of calculating the amount of appellant's VA disability benefits, two of the daughters are considered "dependents." Appellee is also regarded as a dependent for this purpose.
 {¶ 8} At the time of the divorce hearing, which was held before a magistrate, appellant was 56 years old. He has a college degree and works for Daimler-Chrysler, earning a base pay of $83,100 per year. Appellant received substantial bonuses in the past. Due to the economy and lack of motor vehicle sales, he will not be receiving a bonus in the near future. Appellant also receives over $1,200 per month in VA disability benefits per year. He testified that this amount would decrease by $158 per month when the parties' divorce was final.
 {¶ 9} Appellant stated that he has no medical problems and that his shoulder injury has no effect on his ability to work. Appellant plans to retire when he is 62 years old and has retirement benefits that include his Daimler-Chrysler pension, as well as a "salary employee retirement system." Appellant claimed expenses in the amount of $4,300 per month; this amount included over $1,500 per month for rent, $600 per month for food, $241 per month on a school loan obtained for the purpose paying for one of his daughter's college education, and a $25 per month payment on taxes owed to the United States Internal Revenue Service ("IRS").
 {¶ 10} Appellee was 49 years old at the time of the divorce proceeding. She has a high school degree. Appellee stayed home and cared for the parties' four children during most of the marriage. She only obtained outside employment when she and appellant separated. Her jobs, which included working part-time at both a McDonald's fast food restaurant and in the dietary department of St. Luke's Hospital paid between $7 and $8.55 per hour. At the hearing on this matter, appellee testified that she was seeking full-time employment at St. Luke's Hospital. Based on that full-time employment, the magistrate determined that appellant could earn approximately $18,000 per year. The parties agreed that appellee would share in appellant's pension pursuant to a Qualified Domestic Relations Order ("QDRO"). There is no evidence in the record of this cause indicating that appellee suffers from any health-related problems. Her estimated monthly expenses are $2,300. This figure includes a $153.84 per month payment for health insurance.
 {¶ 11} At the hearing before the magistrate, the parties made several stipulations concerning the marital property and their debts. Because they had jointly gone through a Chapter 7 bankruptcy, appellant and appellee had very few marital debts. They did ask the court to determine who should be responsible for the school loan and the taxes owed to the IRS. They owned no real property at the time of the divorce. The parties stipulated that they had equitably divided any personal property. Thus, the major issue before the domestic relations court was whether an award of spousal support to appellee was appropriate and reasonable, and, if so, the nature, amount, duration, and terms of payment of that support.
 {¶ 12} On July 3, 2003, the magistrate entered her decision. She determined that appellant would be responsible for the student loan and the IRS debt. The magistrate also concluded that appellant's VA disability benefits were the separate property of appellant and could not be used in calculating any spousal support award to appellant. She further found that, after considering all of the factors in R.C. 3105.18(C)(1), it was reasonable and appropriate for appellant to pay spousal support to appellee in the amount of $1,500 per month for a period of 120 months.
 {¶ 13} Appellee filed timely objections to the magistrate's decision and a transcript of the divorce hearing in support of her objections. Appellee contended that the magistrate erred in failing to find that the VA disability benefits could be used in calculating the amount of the spousal support award. For the following reasons, she also objected to the amount of the spousal support award: (1) appellant would enjoy 60 percent after tax cash for living expenses available to the parties, while she would have only 40 percent; (2) the magistrate failed to realize that appellant would enjoy a tax savings of $6,000 on his payment of spousal support; (3) appellee's monthly expenses were lower because she had less money to expend; (4) the award was grossly unfair and punished appellee for staying at home to raise the parties' children.
 {¶ 14} According to appellee, appellant would "have after tax cash of $44,420 plus his [VA disability] benefits of $1,000 plus per month for a total after tax cash for living expenses exceeding $56,000." She claimed that she would only have $29,912 and that the court should "equalize" the parties' financial positions by awarding her $2,750 per month in spousal support. Appellee did not object to the duration of the spousal support award.
 {¶ 15} Appellant did not file any objections to the magistrate's decision. In his response to appellee's objections he urged that the VA disability benefits were his separate, pre-marital property and that the applicable law did not require a domestic relations court to "equalize" the standard of living of divorced couples by means of a spousal support award. Appellant further argued that appellee failed to acknowledge that appellant was ordered to pay the substantial marital debt that was not discharged in the joint bankruptcy proceeding.
 {¶ 16} In its decision, the trial court found that, pursuant to R.C. 3105.18(C)(1), appellant's VA disability benefits should be considered in determining whether spousal support is reasonable and appropriate and in determining the nature, amount, duration, and terms of payment and of any spousal support award. The court then stated the facts of this case as they related to each of the 14 factors listed in R.C. 3105.18(C)(1), and held that it was not required to provide appellant and appellee with an equal standard of living.
 {¶ 17} Nonetheless, in considering all of the mandatory factors, including the standard of living the parties established during the marriage, the lower court ordered appellant to pay appellee spousal support in the amount of $2,250 per month for a period of 40 months, $1,875 per month for a period of 40 months, and $1,500 per month for a period of 40 months. The court reserved jurisdiction over the spousal support award "as to duration and amount" and ordered appellee to prepare a judgment entry reflecting the rulings in the court's decision. That judgment was journalized on May 12, 2004.
 {¶ 18} In his first assignment of error, appellant contends that the trial court erred by including his separate property, specifically, his VA disability benefits, in determining whether spousal support in this case was reasonable and appropriate and in calculating the amount and duration of the spousal support award.
 {¶ 19} R.C. 3105.171(A)(6)(a)(ii) defines "separate property" as "all real and personal property and any interest in real or personal property that was acquired by one spouse prior to the date of the marriage." It is undisputed that appellant acquired his VA disability benefits prior to the date of the parties' marriage. Therefore, those benefits are his separate property. Nevertheless, in determining whether a spousal support award is reasonable and appropriate and in determining the nature, duration, amount, and the terms of payment of any awarded spousal support, a domestic relations court is required to consider:
 {¶ 20} "The income of the parties from all sources,
including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171
[3105.17.1] of the Revised Code." R.C. 3105.18(C)(1)(a). (Emphasis added.)
 {¶ 21} In interpreting or construing a statute, a court must determine legislative intent. State ex rel. Francis v. Sours
(1944), 143 Ohio St. 120, 124. In ascertaining legislative intent a court must first look to the language of the statute itself.Provident Bank v. Wood (1973), 36 Ohio St.2d 101, 105. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary."State ex rel. Savarese v. Buckeye Local School Dist. Bd. ofEdn. (1996), 74 Ohio St.3d 543, 545. A court may interpret a statute only where the words of the statute are ambiguous. Stateex rel. Celebrezze v. Allen Cty. Bd. of Commrs. (1987),32 Ohio St.3d 24, 27.
 {¶ 22} As applied to the case under consideration, the language of R.C. 3105.18(C)(1) (a) is clear and unambiguous in stating that all sources of income, including property deemed to be separate property under R.C. 3105.171 is to be considered in deciding whether to award spousal support and, if awarded, in deciding the nature, amount, duration, and terms of payment of that award. Accord, Kilcoyne v. Kilcoyne (Feb. 29, 1996)), 8th Dist. No. 67926. See, also, Marcum v. Marcum (1996),116 Ohio App.3d 606, 611; Donese v. Donese (April 10, 1998), 2d Dist. No. 97-CA-70; Simmons v. Simmons (May 10, 1996), 11th Dist. No. 95-T-5237. Thus, the trial court did not err in considering appellant's VA disability benefits in resolving the question of spousal support in the instant case. Appellant's first assignment of error is found not well-taken.
 {¶ 23} In his second assignment of error, appellant asks this court to ignore, under the circumstances of this case, the strictures of R.C. 3105.18(C)(1)(a). In particular, appellant claims that the cases which include separate property in determining whether a spousal support award was reasonable and appropriate and in calculating that award, if any, can be distinguished from the present case because appellant and appellee could meet their monthly expenses without resorting to appellant's monthly VA disability benefits. Appellant fails to understand that the General Assembly evinces an intention through the plain and unambiguous language used in R.C. 3105.18(C)(1)(a) to mandate consideration of all sources of income, including separate property, in deciding the issue of spousal support. Therefore, this court cannot create an exception to the statute, and appellant's second assignment of error is found not well-taken.
 {¶ 24} Appellant's third assignment of error maintains that the trial judge virtually adopted the magistrate's findings and still, without any findings of his own, increased the amount of the spousal support awarded to appellee. Appellant claims that to adopt the magistrate's findings but to reach a different result requires an explanation of the rationale underlying the court's decision. Appellant asserts that in failing to provide this explanation, the trial court abused its discretion.
 {¶ 25} We review an award of spousal support under the abuse of discretion standard. Kunkle v. Kunkle (1990),51 Ohio St.3d 64, 67; Bowen v. Bowen (1999), 132 Ohio App.3d 616, 626. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} Even though a trial court has broad discretion in awarding spousal support, its determination of whether spousal support is "appropriate and reasonable" and the
 {¶ 27} nature, amount, duration and terms of payment of spousal support is controlled by the factors in R.C.3105.18(C)(1).[1] Schultz v. Schultz (1996),110 Ohio App.3d 715, 724; Carmony v. Carmony, 6th Dist. No. L-02-1354, 2004-Ohio-1035, at ¶ 10. Additionally, the trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law." Kaechele v. Kaechele (1988),35 Ohio St.3d 93, 97; Glick v. Glick (1999), 133 Ohio App.3d 821,830. So long as the record reflects that the trial court considered the factors in R.C. 3105.18(C)(1), the award for spousal support will be upheld. Peters v. Peters, 9th Dist. Nos. 03CA008306 and 03CA008307, 2004-Ohio-2517, at ¶ 11, citingFisher v. Fisher, 3d Dist. No. 7-01-12, 2002-Ohio-1297.
 {¶ 28} We start with the principle that a magistrate is the arm of his or her appointing court, which remains responsible to critically review and verify the work of the magistrate it appoints. Kovacs v. Kovacs, 6th Dist. No. E-03-051, 2004-Ohio-2007, at ¶ 6 (Citations omitted.). Thus, a trial court must conduct an independent review of all of the evidence and testimony and enter its own judgment. Id. Consequently, in the case sub judice, the trial court was not required to provide any explanation for its modification of the amount of spousal support awarded to appellee.
 {¶ 29} Moreover, we find that the trial court did not abuse its discretion in awarding spousal support to appellee. The trial judge listed each of the 14 factors found in R.C. 3105.18(C)(1), and the facts relevant to those factors, in his decision. Among other things, the court considered the length, 30 years, of the marriage, the disparity in the education and earning ability of the parties, and the standard of living enjoyed by the parties during the marriage. Therefore, reading the court's decision in its entirety, we can only conclude that the domestic relations court provided sufficient detail in its judgment to allow this court, upon review, to determine that its award of spousal support was fair, equitable and in accordance with the law. Accordingly, the trial court's judgment on the issue of spousal support is not arbitrary, unreasonable, or unconscionable. Appellant's third assignment of error is found not well-taken.
 {¶ 30} Appellant's fourth assignment error challenges the following finding made by the trial court: "* * * Donald will receive a VA disability benefit in excess of $12,000 per year * * *" Appellant contends that this finding is against the manifest weight of the evidence. Appellant therefore claims that this court must remand this case to the trial court for the purpose of re-determining the question of spousal support.
 {¶ 31} The valuation of property in a divorce case is a question of fact. Covert v. Covert, 4th Dist. No. 03CA778, 2004-Ohio-3534, at ¶ 6. Accordingly, a trial court's decision pertaining to the valuation of property will be reviewed under a manifest weight of the evidence standard and will not be reversed so long as it is supported by some competent, credible evidence. Id.
 {¶ 32} In his "Affidavit of Income, Expenses, and Financial Disclosure," appellant indicated that he was currently receiving $12,400 in VA disability benefits. In his testimony at the hearing on the parties' divorce, appellant testified that he was receiving disability benefits in the amount of $1,048 per month. When multiplied by 12, appellant's yearly total of benefits at that time was $12,576. Nonetheless, appellant further stated that, due to the fact that the amount of his benefits is based on the number of his dependents, his monthly VA disability benefit would be reduced by $158 after the divorce. He also testified that one of his two daughters who were still considered dependents by the Veterans Administration would no longer be considered a dependent sometime in 2004.
 {¶ 33} Clearly, there is some competent, credible evidence in the record of this case showing that during the divorce proceeding appellant was receiving more than $12,000 per year. There was, on the other hand, evidence offered to demonstrate that after the divorce was final, appellant would receive $10,680 per year in VA disability benefits. Therefore, the trial court did err in finding that these benefits would be in excess of $12,000.
 {¶ 34} Nevertheless, this error does not require a remand to the trial court for re-determination of the spousal support award. First, the difference between the three figures submitted by appellant is not so great as to overcome the huge disparity in the income of the parties. Second, R.C. 3105.18(C)(1)(a), which requires consideration of the income of each the parties, is but one of the 14 factors that the trial court must address in determining whether to award spousal support and in deciding the nature, amount, duration, and terms of payment of that support. Third, the domestic relations court retained the jurisdiction to modify the spousal support awarded to appellee; thus, appellant may seek modification of the spousal support by filing a motion in that court. To reiterate, in reviewing the award of spousal support in light of all of the factors in R.C. 3105.18(C)(1), we cannot say that the trial court abused its discretion in its award of spousal support to appellee. Accordingly, appellant's fourth assignment of error is found not well-taken.
 {¶ 35} In his fifth and final assignment of error, appellant asserts that the trial court erred in finding that appellant "assumed responsibility for the payment of a student loan ($20,339) and an IRS debt ($534)." Appellant argues that this finding is against the manifest weight of the evidence.
 {¶ 36} The record reveals that the parties stipulated that the court should decide whether appellant would be responsible for the repayment of the student loan and the monies owed to the IRS and the effect, if any, on the QDRO dividing appellant's pension. In her decision, the magistrate found: "5. Husband shall be responsible to pay the IRS debt and student loans and hold the other party harmless." The magistrate also awarded appellee one-half of appellant's pension, subject to a QDRO. Appellant never filed any objections to these factual findings.
 {¶ 37} If a party fails to file objections to a magistrate's decision in accordance with Civ.R. 53, such claim or objection is waived for purposes of appeal, and an appellant may not then challenge the court's adoption of the magistrate's factual findings on appeal. Aurora v. Sea Lakes, Inc. (1995),105 Ohio App.3d 60, 66. Although, in the present case, the trial judge stated that appellant "assumed" responsibility for the parties' remaining debts, he, in essence, adopted the factual finding of the magistrate on this question, as well as on the question of the division of appellant's pension. Accordingly, appellant's failure to timely object to the magistrate's decision waived his right to challenge the trial court's judgment on these factual findings, and appellant's fifth assignment of error is found not well-taken.
 {¶ 38} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Knepper, J., Pietrykowski, J., Concur.
[1] R.C. 3105.18(C)(1) reads, in material part:
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, duration, and terms of payment and of spousal support * * * the court shall consider the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed * * *;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties.
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional agree of the other party;
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
"(n) Any other factor that the court expressly finds to be relevant and equitable."