[Cite as *Hahn v. Hahn*, 2017-Ohio-4018.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

Debbra Hahn

    Appellant

v.

Steve S. Hahn

    Appellee

Court of Appeals No. OT-16-029

Trial Court No. 15DR001B

**DECISION AND JUDGMENT**

Decided: May 26, 2017

* * * * *

Kristopher K. Hill and Thomas J. DeBacco, for appellant.

Michelle L. Christie, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Debbra Hahn, appeals from a judgment of the Ottawa County Court of Common Pleas in which the court granted a divorce and awarded her spousal support. For the reasons that follow, we affirm, in part, and reverse, in part, and remand for the trial court to modify its judgment.

**Assignment of Error**

**{¶ 2}** Appellant sets forth the following assignment of error:

I.  The trial court abused its discretion in adopting the Appellee's argument regarding spousal support and division of benefits.

**Facts**

**{¶ 3}** This matter arises from a final judgment of divorce issued on October 21, 2016.  The parties married on May 22, 1993, and separated on December 1, 2014.  The parties had no children during the marriage.

**{¶ 4}** At the time of divorce, appellant was age 64 and appellee was age 65.  Since 1999, appellant has been on disability and unable to work as a result of a heart condition.  Appellee financially supported her during the marriage.

**{¶ 5}** Appellee is a financial advisor and insurance agent, and the record reflects his income comes from three sources, including a Prudential pension plan ("the plan").  Appellant testified the plan was started in 2010.  The monthly distribution from the plan was $2,490, until December 2016, at which point the amount would change to $1,694.  Appellee testified that he made the plan "a hundred percent spousal benefit," so that appellant would receive payment in the event of his death.

**{¶ 6}** Prior to trial, the parties entered into a voluntary agreement, which was read into the record.  The agreement, as read into the record, was clear with regard to all aspects of the parties' voluntary property division, with the exception of confusion about the spousal support award.

2.

**{¶ 7}** The record, in pertinent part, reflects as follows:

**Appellee's counsel:** Last, but not least, Your Honor, is the issue of spousal support. I will say we got a little creative with this because of several issues and retirement plans and everything else, but until the house is sold, the defendant [appellee] will pay to plaintiff [appellant] the amount of $2,000 per month.

We also talked about the sum that plaintiff will pay direct—will be paid directly from defendant, the pension plan amount, and, again, that changes in December 2016. We will not be utilizing a Q.D.R.O and defendant has agreed that he will pay plaintiff that sum by the 15th of each month.

Upon the sale of the [marital] residence, the parties have agreed that the spousal support will be the sum of $2,700 per month and that award of spousal support will go until the defendant reaches the age of 71. * * *

**Appellant's counsel:** Your Honor, the only thing I would add, just for clarification purposes, is that the pension, it appears that the number would be $1,245 per month until December of next year, at which point it would change to $847. * * *

**{¶ 8}** After the agreement was read into the record, the court stated that the parties had seven days to prepare a proposed judgment entry reflecting the agreement. On January 19, 2016, appellee moved the court for approval of his proposed judgment entry.

3.

Two days later, appellant submitted her proposed judgment entry. The proposed entries differed with regard to the amount of spousal support awarded.

{¶ 9} Appellant's position was that the monthly spousal support award of $2,000 (eventually $2,700), should not have included the plan's monthly pension distribution of $1,245 (eventually $847). Appellee countered that the plan's monthly pension distribution should be included in the monthly spousal support award. The court set the matter for a hearing.

{¶ 10} At the hearing, the magistrate found that the sole issue was whether there was mutual assent among the parties when entering the agreement. After the parties testified to his and her understanding of the agreement, the court requested the parties brief the matter. Despite requesting briefs, the court made note that the ultimate determination regarding "distribution of property and spousal support" was still within the court's discretion, notwithstanding the issues surrounding the validity of the agreement.

{¶ 11} The magistrate issued a decision finding the voluntary agreement was invalid due to a mutual mistake. However, the magistrate's decision also stated that appellee's proposed judgment entry was fair and reflected an equitable determination. The magistrate adopted appellee's proposed entry in its entirety.

{¶ 12} Appellant objected to the magistrate's decision, arguing the plan's payment should not be included in the spousal support award. Appellant claimed if the plan's payment was included in the spousal support award, the award amount was not

4.

reasonable in light of her expenses. Appellee responded to appellant's objection arguing that there was sufficient evidence to support the findings, and that the court should adopt the magistrate's decision as final judgment.

{¶ 13} The trial court journalized its judgment relating to appellant's objection, stating "[u]pon careful and independent examination and analysis of the Magistrate's Decision, the Court finds the Magistrate's Decision sufficient for the Court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment." The court then overruled the objection and adopted appellee's judgment. Appellant timely appealed.

### Standard of Review

{¶ 14} An appellate court reviews a trial court judgment awarding spousal support under an abuse of discretion standard. *See Duffy v. Duffy*, 6th Dist. Wood No. WD-11-019, 2012-Ohio-2808, ¶ 17, citing *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 554 N.E.2d 83 (1990).

### Law and Analysis

{¶ 15} In the sole assigned error, appellant argues the court abused its discretion when it adopted the terms of the agreement she and appellee entered into, despite a mutual mistake which rendered the agreement void. Appellant further implies the court erred in the amount of spousal support awarded.

{¶ 16} Appellee contends the court properly reduced the terms of the agreement to judgment, and that the aggregate award granted was reasonable and supported by competent, credible evidence.

5.

### 1. Effect of the Parties' Voluntary Agreement

{¶ 17} Both parties agree there was never a valid, voluntary agreement entered into because of a mutual mistake. The magistrate also found there was no agreement due to a mutual mistake of the parties. However, the trial court's final judgment entry states that the parties "entered into an agreement as to all matters in this case, which the Court finds to be reasonable and adopts as the terms of this Judgment Entry." *See Hahn v. Hahn*, Ottawa C.P. No. 2015-DR-001-B, *2 (Oct. 21, 2016).

{¶ 18} R.C. 3105.171(F)(8) provides that a trial court may consider, in determining whether to make and the amount of any distributive award, "[a]ny division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses[.]" This factor is only one among others to be considered under R.C. 3105.171(F).

{¶ 19} Therefore, we find whether the court adopted the terms of an agreement or, alternatively, made discretionary divisions and awards under R.C. Chapter 3105, to reach its final determination, has no effect on our review. The trial court was within its discretion to adopt either or neither party's proposed judgment, notwithstanding whether the agreement was enforceable as a contract or not.

{¶ 20} The only error for our review then is whether the amount of appellant's spousal support award was reasonable. However, in order to clarify the record, we must first address the trial court's judgment relating to the characterization of appellant's awards.

6.

## 2. Characterization of Awards

{¶ 21} R.C. 3105.18(A) defines "spousal support" in relevant part as "any payment or payments to be made to a spouse or former spouse, * * * that is both for sustenance and for support of the spouse or former spouse." Spousal support "does not include any payment made to a spouse or former spouse, * * * that is made as part of a division or distribution of property or a distributive award under [R.C.] 3105.171." *Id.*

{¶ 22} In this case, the trial court found appellant was entitled to $2,000 a month in spousal support until the marital residence sold, at which point her award would increase to $2,700 a month. Included in this award was $1,245, which was to be derived from the Prudential pension plan. This pension plan payment was set to decrease to $847, starting December 2016, and continue at that rate for appellant's lifetime.

{¶ 23} With respect to spousal support, the court's final judgment states in relevant part as follows:

> IT IS HEREBY ORDERED that there shall be a spousal support obligation in this matter as follows:
>
> A. Effective January 1, 2016 and until the marital residence is sold, Defendant shall pay to Plaintiff the sum due her from the Prudential Plan and the remaining balance amount to equal a total sum of $2000 per month as and for spousal support;
>
> B. Upon the sale of the marital residence, Defendant shall pay to Plaintiff the sum determined due to Plaintiff from the Prudential Pension

7.

Plan and the remaining balance amount to equal a total sum of $2700 per month as and for a spousal support award until Defendant reaches the age of seventy-one (71).

C. The parties acknowledge that said sum is $1245 per month each until December of 2016 at which time the sum will then be $847 per month each from Defendant's Prudential Pension Plan which he is currently vested; Defendant shall continue to pay said sum as and for the pension benefit directly to Plaintiff by the 15th of each month after the term of the spousal support award and for the duration of Plaintiff's life.

D. Said spousal support award shall be modifiable and subject to the jurisdiction of this court.

{¶ 24} Based on the listed assets, we view the $1,245 which would eventually become an $847 monthly payment as a division and/or distribution from the pension plan. Per statute, such a distribution cannot be included in or classified as "spousal support." *See* R.C. 3105.18(A), *supra*. This requires the trial court to modify the judgment entry to reflect that the spousal support award does not include these amounts. *Id*. Further, we find equity requires that the pension plan be subject to a qualified domestic relations order. *See Patten v. Patten*, 4th Dist. Highland No. 10CA15, 2011-Ohio-4254, ¶ 16.

8.

### 3. Reasonableness of the Spousal Support Award

{¶ 25} Appellant argues the amount of spousal support awarded was not fair in light of her monthly expenses. Appellee counters the aggregate award amount was fair and equitable.

{¶ 26} Based upon our analysis above, which excludes the pension distribution from the spousal support award, we find that the trial court awarded spousal support to appellant in the amount of $1,153 per month which would increase to $1,853 per month upon sale of the parties' residence, for a period of seven years.

{¶ 27} In that regard, we are to now determine whether the trial court's award of spousal support, for a duration of roughly seven years, was "fair, equitable and in accordance with the law." *See Kaechele v. Kaechele*, 35 Ohio St.3d 93, 97, 518 N.E.2d 1197 (1988); *Glick v. Glick*, 133 Ohio App.3d 821, 830, 729 N.E.2d 1244 (8th Dist.1999). In making this determination, we must consider the monthly payments appellant will receive from the pension plan. *See* R.C. 3105.18(C)(1)(a), *infra*.

{¶ 28} "[T]he nature, amount, duration and terms of payment of spousal support is controlled by the factors in R.C. 3105.18(C)(1)." *Crites v. Crites*, 6th Dist. Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, ¶ 26-27. "So long as the record reflects that the trial court considered the factors in R.C. 3105.18(C)(1), the award for spousal support will be upheld." (Citations omitted) *Id*. at ¶ 27.

9.

**{¶ 29}** R.C. 3105.18(C)(1) factors are stated as follows:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

{¶ 30} Here, we find that the trial court properly considered the relevant factors under R.C. 3105.18(C), and therefore the spousal support award was reasonable and appropriate.  In the judgment of divorce, the trial court discussed and incorporated facts which showed it considered the duration of the marriage, the parties having no children, the parties' incomes as well as their retirement benefits, social security benefits, assets, liabilities, and potential lost income production capacity.

{¶ 31} The record reveals the parties married in May 1993, and separated in December 2014.  They had no children together.  Appellant was 64 years old and appellee was 65 years of age at the time of the separation.  Appellant was on disability during 15 years of the marriage and had annual income of roughly $9,000 per year.

11.

Appellee's income was roughly $100,000 from his IRA, the plan and business. Appellant was awarded her marital portion of appellee's IRA and half of the plan. Appellee planned to retire soon, which would decrease his income. Each party had bank accounts and insurance policies awarded exclusive of the other's claim.

{¶ 32} Further, the parties shared various vehicles and other personal property, along with a marital residence, with a mortgage balance of roughly $232,000, which all were divided equitably in the parties' voluntary agreement. Appellee was paying the expenses related to maintaining the marital residence until it was sold, which is why the court increased the spousal support award upon the sale of the residence. Based on these facts and our review of the transcripts and testimony, tax forms, affidavits of income and expenses, and other exhibits submitted on record, we find the $1,153 (eventually $1,853, upon the sale of the marital residence) monthly spousal support award for a seven-year duration was reasonable and the findings of the trial court were supported by competent, credible evidence. Accordingly, appellant's sole assigned error is not well-taken.

### Conclusion

{¶ 33} The October 21, 2016 judgment of the Ottawa County Court of Common Pleas is affirmed, in part, and reversed, in part, and we vacate the order and remand for the purpose of modifying the entry to indicate the characterizations of spousal support and divisions of property as stated in this decision. Further, we order the trial court to modify its judgment entry to reflect that the Prudential pension plan is subject to a

12.

qualified domestic relations order, and that such an order shall be entered with respect to the plan.  We further order the trial court to retain jurisdiction as to the spousal support award.  Appellant is ordered to pay costs of this appeal.  *See* App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                    _____
                                                                    JUDGE
Thomas J. Osowik, J.

Christine E. Mayle, J.                          _____
CONCUR.                                                      JUDGE

                                                            _____
                                                                    JUDGE