**[Cite as *King v. King*, 2019-Ohio-1561.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

| | |
|---|---|
| John King | Court of Appeals No. E-17-072 |
| Appellee | Trial Court No. 2011-DR-0014 |
| v. | |
| Carol King | **DECISION AND JUDGMENT** |
| Appellant | Decided: April 26, 2019 |

* * * * *

Robert M. Reno, for appellee.

John M. Felter, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Carol King, appeals the November 20, 2017 judgment of the Erie County Court of Common Pleas, Domestic Relations Division, which denied her objections to the magistrate's decision awarding, inter alia, appellee, John King, spousal support. Because we find that the trial court did not abuse its discretion, we affirm.

{¶ 2} The parties were married in May 1976, and no children were born issue of the marriage. On February 2, 2011, appellee filed a complaint for divorce; at that time, he did not specifically request spousal support. On April 26, 2011, appellant filed an answer and counterclaim for divorce.

{¶ 3} Prior to the trial in the matter, the parties entered into two sets of stipulations. The March 16, 2012 stipulations divided multiple items of personal property, including motor vehicles, lawn tools, and various household items. The June 11, 2012 stipulations divided real property and monetary assets and liabilities. Appellant was awarded the marital home, accounts totaling $300,000, and stock. The parties divided appellant's OPERS account and appellee's Social Security benefits with appellee retaining the Social Security benefits due to its lower value. Appellee was awarded an account valued at $123,000 and stock. To equalize the division, appellant was also ordered to pay appellee $25,000.

{¶ 4} On February 15, 2013, the matter proceeded to trial on the issue of spousal support; both parties testified. The magistrate issued his decision on October 28, 2016. Relevant to this appeal, the magistrate awarded appellee spousal support in varying sums based on the following four distinct time periods:

(1) March 2011-November 2012 at the rate of $1,252.88 per month reflecting appellant's income of $46,249 and appellee's income of $16,180.

(2) December 2012-October 2016 at the rate of $660.71 per month reflecting appellant's income of $46,249 and appellee's of $30,352

2.

(3) November 2016- after the payments began being processed through the Erie County Child Support Enforcement Agency, an additional $13.21 processing fee was added to the principal sum totaling $673.92

(4) Once appellee began receiving a portion of appellant's pension funds, the rate would decrease to a total payment of $397.50 per month and was to continue indefinitely.

{¶ 5} Appellant filed objections to the magistrate's decision on November 10, 2016. Appellant argued that in making the spousal support award the magistrate improperly treated withdrawal of capital as income, applied an "unrealistic" rate of return thereby inflating appellant's income, failed to consider income available to appellee from all sources, improperly awarded spousal support, including an arrears sum, and failed to impute income to appellee. Appellee also filed an objection to the magistrate's determination that appellee was precluded from arguing in support of an additional distributive award.

{¶ 6} On November 20, 2017, the trial court issued its judgment entry rejecting the majority of the parties' objections; the court did change the commencement date of spousal support from March 2011, to July 2012. The court then affirmed and adopted the magistrate's decision.

{¶ 7} Appellant now raises six assignments of error for our review:

1. The trial court abused its discretion by incorrectly calculating defendant/appellant's income and incorrectly attributing income to defendant/appellant in determining spousal support award.

3.

2. The trial court abused its discretion by incorrectly calculating plaintiff/appellee's income and failing to consider other income available to plaintiff/appellee from all sources when determining spousal support award.

3. The trial court abused its discretion by ordering defendant/appellant to pay spousal support and by ordering defendant-appellant to pay arrears on temporary spousal support.

4. The trial court abused its discretion by failing to award defendant/appellant her share of plaintiff/appellee's ESOP.

5. The trial court abused its discretion by failing to impute minimum wage to the plaintiff-appellee in determining the amount of spousal support to be awarded.

6. The trial court abused its discretion regarding its spousal support award.

*Calculation of the Parties' Incomes*

{¶ 8} Appellant's first, second, and fifth assignments of error argue that the trial court erred when calculating the parties' incomes for purposes of awarding spousal support. An appellate court reviews a trial court's judgment awarding spousal support under an abuse of discretion standard. *Kunkle v. Kunkle*, 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Bowen v. Bowen*, 132 Ohio App.3d 616, 626, 725 N.E.2d 1165 (9th Dist.1999). "Even though a trial court has broad discretion in awarding spousal support, its determination of whether spousal support is 'appropriate and reasonable' the nature,

4.

amount, duration and terms of payment of spousal support is controlled by the factors in R.C. 3105.18(C)(1)." *Crites v. Crites*, 6th Dist. Wood Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, ¶ 26-27, citing *Schultz v. Schultz*, 110 Ohio App.3d 715, 724, 675 N.E.2d 55 (10th Dist.1996). Although a trial court need not enumerate each R.C. 3105.18(C)(1) factor, it must demonstrate that it considered all the "relevant factors." *Stockman v. Stockman*, 6th Dist. Lucas No. L-00-1053, 2000 Ohio App. LEXIS 5843, *9 (Dec. 15, 2000).

{¶ 9} Additionally, when awarding spousal support, "'the trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is "fair, equitable and in accordance with the law.'" *Crites*, *supra*, at ¶ 27, quoting *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 97, 518 N.E.2d 1197 (1988).

{¶ 10} For purposes of awarding spousal support, R.C. 3105.18(C)(1) sets forth the following factors for a court to consider:

> (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

> (b) The relative earning abilities of the parties;

> (c) The ages and the physical, mental, and emotional conditions of the parties;

> (d) The retirement benefits of the parties;

> (e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payment by the parties;

(j) The contributions of each party to the education, training, or earning ability of the other party, including but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

6.

{¶ 11} In awarding appellee spousal support in this matter, the court first concluded that appellant's income was derived from her OPERS account and two American Equity accounts and totaled $51,054.84. Appellee's gross annual income included withdrawals from an American Equity Account, Social Security, and his marital share of appellant's OPERS account and totaled $36,428.19. The court next concluded that based on the parties' ages and health status their earning abilities were "extremely limited."

{¶ 12} As to the retirement benefits of the parties, the court noted that appellant draws approximately $25,747.20 annually from her OPERS pension, which would be reduced to $21,024.84 once appellee began receiving his marital share. The court further stated that as to the American Equity accounts held by both parties, they were withdrawing ten percent of the total value annually

{¶ 13} Appellee had begun collecting Social Security benefits in November 2012. Appellee was also a participant in his former employer's employee stock ownership plan (ESOP). The court rejected the parties' stipulation that the value of the ESOP plan would be divided equally between the parties. Instead, the court awarded the entire value of the asset ($28,000) to appellee to offset spousal support arrears.

{¶ 14} The court noted that the parties were married for 36 years and had enjoyed a comfortable lifestyle. Appellant has a college degree and had worked as a social worker. Appellee did not complete high school and had worked construction and general labor. No children were born of the marriage. After the parties' marriage they lived in

7.

various rental homes until moving in to appellant's mother's home which had been vacant for approximately 12 years. Several improvements were made to the home and property which, in addition to adjoining acreage, appellant inherited upon her mother's death. The parties lived there for nearly three decades until 2006, when they sold the house and property for $650,000. With the proceeds, they purchased a home for $315,000; the home is considered appellant's separate property.

{¶ 15} Appellee inherited $120,000 from his father; the money was put into a CD. It was later put into a retirement program with the intent of using the money to help fund the parties' early retirement. These funds were depleted prior to the filing of the divorce.

{¶ 16} Appellant first contends that the court erroneously considered funds that she was already awarded as separate property, pursuant to the stipulations, in calculating appellee's spousal support award. Appellant then, conversely, asserts that if the court can use separate property awarded to appellant as income, then appellee's separate property should have been treated similarly.

{¶ 17} In determining whether a spousal support award is reasonable and appropriate and in determining the nature, duration, amount, and the terms of payment of any awarded spousal support, under R.C. 3105.18(C)(1)(a), a court is required to consider: "The income of the parties from *all sources*, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 [3105.17.1] of the Revised Code." (Emphasis added.)

{¶ 18} As quoted, the language of R.C. 3105.18(C)(1)(a) clearly and unambiguously states that all sources of income, including property deemed to be

8.

separate property under R.C. 3105.171, is to be considered in deciding whether to award spousal support and, if awarded, in deciding the nature, amount, duration, and terms of payment of that award. *Accord Crites*, 6th Dist. Wood Nos. WD-04-034, WD-04-042, 2004-Ohio-6162 at ¶ 22. *See also Johnson v. Johnson*, 12th Dist. Warren No. CA99-01-001, 1999 Ohio App. LEXIS 4596, *17-18 (Sept. 27, 1999); *Donese v. Donese*, 2d Dist. Greene No. 97-CA-70, 1998 Ohio App. LEXIS 1493 (Apr. 10, 1998); *Simmons v. Simmons*, 11th Dist. Trumbull No. 95-T-5237, 1996 Ohio App. LEXIS 1897 (May 10, 1996).

{¶ 19} We further note that the cases relied upon by appellant are distinguishable. First, income as defined in the spousal support statute, is not limited as to its sources or characteristics unlike the definition of gross income used for child support determinations. *See Bradner v. Bradner,* 12th Dist. Butler No. CA2011-07-136, 2012-Ohio-3043; *MacDonald v. MacDonald*, 8th Dist. Cuyahoga No. 96099, 2011-Ohio-5389, ¶ 32. Again, the court may consider the income of the parties from all sources. Thus, appellant's reliance on *Geiger v. Geiger*, 96 Ohio App.3d 630, 645 N.E.2d 818 (10th Dist.1994), which examined income as relating to an award of child support, is misplaced.

{¶ 20} Next, appellant raises a "double counting argument" to argue that the funds already designated as separate property could not, in turn, be used to calculate appellant's income. *Burkart v. Burkart*, 173 Ohio App.3d 252, 2007-Ohio-3992 (10th Dist.). The *Burkart* court arrived at its decision after finding that the evidence surrounding a $33,000 draw from the corporation awarded to appellant in the divorce was insufficient to

9.

characterize it as income. *Id.* at ¶ 23. The court acknowledged appellant's assertion that the sum was repayment from appellant's loan to the corporation which he made from selling an asset he was awarded at the time of the divorce. *Id.*

{¶ 21} Appellant also cites *Office v. Office*, 2d Dist. Montgomery No. 15298, 1997 Ohio App. LEXIS 148 (Jan. 17, 1997), also relied upon in *Burkart*, which found error where the court awarded half the interest in earned from promissory notes to the wife, then counted the same interest as income attributed to husband. *Id.* at \*25-27.

{¶ 22} Finally, appellant cites Twelfth and Eighth Appellate District cases for the proposition that only capital gains on separate property could be considered income for purpose of awarding spousal support. *Sheehy v. Sheehy*, 12th Dist. Clermont No. CA2010-01-007, 2010-Ohio-2967; *Meister v. Meister*, 8th Dist. Cuyahoga No. 77110, 2000 Ohio App. LEXIS 4751 (Oct. 12, 2000). In *Sheehy*, the court found that the trial court did not err when it only considered the "potential investment income" from appellant's inheritance in reducing appellant's spousal support obligation. *Id.* at ¶ 13. The court made this determination based on the fact that much of the inheritance had been spent on expenses relating to the investment. *Id.* at ¶ 14. In *Meister*, the assignment of error dealt with child support and cited *Geiger*, *supra*.

{¶ 23} Thus, the trial court did not err in considering appellant's withdrawals from her investment accounts in resolving the question of spousal support in the instant case. The definition of "income" as applied to spousal support awards is broad. The record demonstrates that the parties contemplated supplementing their early retirements with these funds.

10.

{¶ 24} We also reject appellant's argument that because the parties stipulated to the division of appellant's OPERS account, the court could not have considered appellant's portion as income in awarding spousal support. Ohio court have permitted the consideration of pension income in determining spousal support where court had already valued and divided the pension as a martial asset. *See generally Gallo v. Gallo*, 10th Dist. Franklin App. No. 14AP-179, 2015-Ohio-982.

{¶ 25} As to appellant's second assignment of error, a converse argument involving appellee's separate property, we find that the court did not fail to value and examine appellee's relevant property. The distribution of appellee's ESOP account, as discussed below, was done is order to achieve the most equitable resolution in the matter.

{¶ 26} Appellant's fifth assignment of error is that the court erred by failing to impute minimum wage to appellee when calculating the spousal support award. Appellant contends that the testimony presented at trial did not demonstrate that appellee was incapable of working.

{¶ 27} In determining spousal support, R.C. 3105.18(C) permits courts to inquire into a party's earning potential and to impute income when the court finds that he or she is not working to full earning capacity. *Kelly v. Forbis*, 6th Dist. Wood No. WD-09-050, 2010-Ohio-3071, ¶ 39. The decision to impute income for spousal support and the amount of the potential income to be imputed is within the discretion of the court. *Id.*

{¶ 28} The magistrate's October 28, 2016 decision noted:

> Husband's earning ability (outside the current streams of unearned income) is extremely limited. Husband is sixty-two (62) years old and has

been out [of] the workforce for approximately five (5) years. Additionally, his health is below average, some of his medical conditions include but are not necessarily limited to—previous surgeries to repair back/spine issues as well as knee surgery. Husband's entire working career has been spent in the construction/general labor field—his age and deteriorating health condition make it unlikely that he will be able to gain employment at the present time. Additionally, Husband lacks any additional skills sets to transition into another career field; he does not have a high school diploma and self-reported that he struggles with reading and writing.

{¶ 29} Upon review of the record and the relevant testimony presented at trial, we cannot find that the court abused its discretion by failing to impute income to appellee. It is apparent that appellee's physical and educational limitations would create a substantial obstacle to finding employment.

{¶ 30} Based on the foregoing, we find that the court did not abuse its discretion when it calculated the parties' incomes for purposes of awarding spousal support. Appellant's first, second, and fifth assignments of error are found not well-taken.

*Spousal Support and Arrearages*

{¶ 31} In her third assignment of error, appellant argues that the trial court, when awarding spousal support, erroneously ordered her to pay arrearages. Appellant first contends that appellee never, in fact, requested that spousal support be awarded. Thus, appellant argues that it logically follows that appellant should not have been ordered to pay any spousal support and, especially, any arrearages on temporary spousal support.

12.

{¶ 32} Appellant cites R.C. 3105.18(B) which states:

In divorce and legal separation proceedings, upon the request of either party and after the court determines the division or disbursement of property under section 3105.171 of the Revised Code, the court of common pleas may award reasonable spousal support to either party. During the pendency of any divorce, or legal separation proceeding, the court may award reasonable temporary spousal support to either party.

{¶ 33} Appellant further cites Civ.R. 75(N) which provides:

(1) When requested in the complaint, answer, or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or magistrate, without oral hearing and for good cause shown, may grant a temporary order regarding spousal support to either of the parties for the party's sustenance and expenses during the suit and may make a temporary order regarding the support, maintenance, and allocation of parental rights and responsibilities for the care of children of the marriage, whether natural or adopted, during the pendency of the action for divorce, annulment, or legal separation.

{¶ 34} First, as to the request for spousal support R.C. 3105.18(B) does not specify how such request is to be made. Early in the proceedings, appellant was aware that appellee was seeking spousal support. In the June 11, 2012 stipulations of the parties, the date chosen by the trial court as when the spousal support request was "evident," the parties agreed that "[t]he topic of spousal support remains unresolved and

13.

will be addressed either by way of further stipulation or by way of Court order subsequent to the presentation of evidence." Next, we note that appellee never requested temporary spousal support so Civ.R. 75(N) is inapplicable.

{¶ 35} Based on the parties' stipulations, the court further rejected the magistrate's spousal support commencement date of March 2011. The court found that the June 11, 2012 date ensured that appellant was aware of the spousal support request; the court determined that July 1, 2012, was an equitable start date. We note that "[a] trial court's selection of a commencement date for spousal support is subject to the abuse-of-discretion standard of review." *Best v. Best*, 10th Dist. Franklin No. 11AP-239, 2011-Ohio-6668, ¶ 31, citing *Muzechuk v. Muzechuk*, 5th Dist. Tuscarawas No. 2001 AP 090089, 2002-Ohio-2527, ¶ 44. Further, a spousal support order may be made retroactive to the date of the request. *Rinaldi v. Rinaldi*, 5th Dist. Stark No. 2009 CA 00200, 2010-Ohio-3127, ¶ 48.

{¶ 36} Reviewing the detailed and event-based tabulations, we cannot say that the court erred in making the spousal support award retroactive to the next full month following the request. We further note that the award did not find appellant in arrears in the sense that no finding of contempt would be supported. Accordingly, we find appellant's third assignment of error not well-taken.

*The ESOP Account*

{¶ 37} Appellant's fourth assignment of error contends that the court erred in failing to award her the one-half share of appellee's ESOP account in accordance with the parties' stipulations. Reviewing the decision, we note that the court used the funds to

14.

help offset the lump sum of retroactive spousal support awarded to appellee. We cannot say that the court abused its discretion in applying the funds in this manner. Appellant's fourth assignment of error is not well-taken.

*The Spousal Support Award*

{¶ 38} Appellant's sixth and final assignment of error essentially argues, in summation, that based on the numerous errors in the calculation of the parties' incomes including the addition of items already divided as separate property, amounts not credited to appellee, the failure to impute income to appellee, and the improper retroactive application of the award, the trial court erred in making its spousal support award. Based on our disposition of appellant's preceding five assignments of error, we find that appellant's sixth assignment of error is not well-taken and it is denied.

{¶ 39} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                 _____
                                          JUDGE
Christine E. Mayle, P.J.          

Gene A. Zmuda, J.                     _____
CONCUR.                                             JUDGE

                                          _____
                                          JUDGE

15.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.