[Cite as *Pearson v. Pearson*, 2022-Ohio-642.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

Tracey L. Pearson

     Appellee

v.

Mark T. Pearson

     Appellant

Court of Appeals No. WD-21-066

Trial Court No. 2019DR0155

**<u>DECISION AND JUDGMENT</u>**

Decided: March 4, 2022

* * * * *

Drew J. Mihalik, for appellee.

John C. Filkins, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this accelerated appeal, Appellant, Mark T. Pearson, appeals from the September 7, 2021 judgment of the Wood County Court of Common Pleas, Domestic Relations Division, which denied his objections to the magistrate's decision awarding appellee, Tracey L. Pearson, spousal support. Because we find that the trial court did not abuse its discretion, we affirm.

**Statement of the Case**

{¶ 2} Appellee filed a complaint for divorce on or about November 12, 2019. The matter proceeded to a final hearing on or about November 30, 2020, during which both parties provided testimony. In a decision issued on or about December 2, 2020, the magistrate recommended that appellant pay appellee spousal support in the amount of $600 per month for a period of 60 months and, thereafter, in the amount of $500 per month for a period of 60 months. Appellant timely filed objections to the magistrate's decision. In a judgment entry journalized on September 7, 2021, the trial court affirmed the magistrate's decision as to the matters of spousal support, stating that "[i]n light of the parties' respective incomes, the duration of the marriage, and the standard of living established during the marriage, the Court finds the award of spousal support to be appropriate and reasonable." It is from this judgment that appellant his filed his appeal.

**Statement of the Facts**

{¶ 3} The parties were married on or about October 25, 1991, and two children were born as issue of the marriage. At the time of the proceedings, appellant was 57-years-old, appellee was 49-years-old, and both of the children were emancipated adults.

{¶ 4} It is undisputed that over the course of the couple's 29-year marriage, appellant was the primary breadwinner, with his income generally substantially higher than that earned by appellee. For example, as of the November 30, 2020 hearing, appellee's year-to-date income was approximately $14,859. Together with approximately six weeks of unemployment that she received, her projected income for 2020 was about $16,251. By contrast, appellant's year-to-date income, as of the

2.

November 30, 2020 hearing was approximately $44,105.19. His total projected income for 2020, from working two jobs, was about $54,009.32.

{¶ 5} As for other years, the evidence showed that appellee had previously earned approximately: $13,455 in 2015; $21,921.76 in 2016; $19,202 in 2017; $16,912 in 2018; and $25,302.65 in 2019. Appellant, over these same time periods, had previously earned about: $43,710 in 2015; $38,415.73 in 2016; $43,033.67 in 2017; $42,578.97 in 2018; and $25,615 in 2019.

{¶ 6} The parties do not dispute the trial court's finding that following the divorce, neither party will have sufficient income to enjoy the same standard of living that they had while they were together.

## Assignment of Error

{¶ 7} In his appeal, appellant sets forth the following assignment of error:

I. The trial court erred in calculating the amount and duration of spousal support awarded.

## Analysis

{¶ 8} Regarding review of spousal support determinations, this court has recognized:

An appellate court reviews a trial court's judgment awarding spousal support under an abuse of discretion standard. *Kunkle v. Kunkle,* 51 Ohio St.3d 64, 67, 554 N.E.2d 83 (1990); *Bowen v. Bowen*, 132 Ohio App.3d 616, 626, 725 N.E.2d 1165 (9th Dist. 1999). 'Even though a trial court has broad discretion in awarding spousal support, its determination of whether

3.

spousal support is "appropriate and reasonable" the nature, amount, duration and terms of payment of spousal support is controlled by the factors in R.C. 3105.18(C)(1).' *Crites v. Crites*, 6th Dist. Wood Nos. WD-04-034, WD-04-042, 2004-Ohio-6162, ¶ 26-27, citing *Schultz v. Schultz*, 110 Ohio App.3d 715, 724, 675 N.E.2d 55 (10th Dist. 1996). Although a trial court need not enumerate each R.C. 3105.18(C)(1) factor, it must demonstrate that it considered all the 'relevant factors.' *Stockman v. Stockman*, 6th Dist. Lucas No. L-00-1053, 2000 WL 1838937, *9 (Dec. 15, 2000).

{¶ 9} Additionally, when awarding spousal support, "'the trial court's judgment must contain sufficient detail to enable a reviewing court to determine that the spousal support award is 'fair, equitable and in accordance with the law.'"' *Crites, supra,* at ¶ 27, quoting *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 97, 518 N.E.2d 1197 (1988). *King v. King*, 6th Dist. Erie No. E-17-072, 2019-Ohio-1561, ¶ 8-9.

{¶ 10} R.C. 3105.18(C)(1) sets forth the following factors for a court to consider for purposes of awarding spousal support:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties;

(j) The contributions of each party to the education, training, or earning ability of the other party, including but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

Here, the trial court properly considered all of the requisite factors in order to achieve a fair and equitable result. *See King* at ¶ 9. In addition, the trial court reserved jurisdiction over the spousal support, "thereby allowing for a change in the status of either appellant or appellee." *Cooper v. Cooper*, 6th Dist. Lucas No. L-02-1163, 2002-Ohio-7105, ¶ 11. Under such circumstances, we cannot say that the trial court abused its discretion. *See id.* (Appellate court found no abuse of discretion where trial court both considered the requisite factors in order to achieve a fair and equitable result and, further, reserved jurisdiction over the spousal support).

{¶ 11} Arguing against this conclusion, appellant asserts that the trial court erred in "presum[ing] that appellant can maintain yearly income at the rate of $54,000." He further asserts that "[i]f the Trial Court had used the average of Appellant's income over the years 2015-2019, or $38,672.93 [after taxes], Appellant's yearly income would be reduced to approximately $27,832, or $2,319 per month," "which is not enough to cover his stated expenses of $2,636 per month plus a spousal support award of $500 or $600 per month." Based on the foregoing, appellant concludes that the trial court's award of spousal support is "arbitrary, inappropriate, inequitable, and unreasonable." Appellant additionally complains that the trial court gave "no explanation or reasoning for either the amount or the duration of the spousal support award, including why the support would reduce after five years."

{¶ 12} As indicated above, all of the statutory factors must be considered, with the goal of reaching an equitable result. *See King* at ¶ 8-9. This is because, "[t]he method by

6.

which the goal is achieved cannot be reduced to a mathematical formula." *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 96, 518 N.E.2d 1197 (1988).

{¶ 13} Although appellant disputes the manner in which the trial court considered the evidence of the parties' income and/or projected incomes, stating that a better result would have been derived had the trial court used an average income over several years, the decision whether to apply "income averaging" a matter that is within the trial court's discretion. *See Coors v. MacEachen*, 1st Dist. Hamilton No. C-100013, 2010-Ohio-4470 (finding that although there are cases where appellate courts have affirmed a trial court's decision when it used income averaging to determine spousal support, "simply because some courts have not reversed judgments involving income averaging does not mean that a court abuses its discretion by not using income averaging in every similar situation.") Here, we find that the trial court acted within its broad discretion when it chose to analyze the parties' incomes without employing income averaging.

{¶ 14} As indicated above, the trial court retained jurisdiction over the spousal support, which would allow for the modification of spousal support in the event of a significant change of circumstances for the parties. If there should be such a change of circumstances, appellant has the option of requesting a modification. Regarding appellant's disagreement with the duration of the spousal support, we note that a marriage of long duration, such as the one at issue, "in and of itself would permit a trial court to award spousal support of indefinite duration." *Muckensturm v. Muckensturm*, 3d Dist. Hancock No. 5-11-38, 2012-Ohio-3062, ¶ 32. Nevertheless, the trial court saw fit to establish a date certain for the spousal support to end.

7.

{¶ 15} While it may have been preferable for the court to have provided more information concerning how it specifically determined the amount of spousal support it awarded, we find that it explained in adequate detail its rationale for awarding spousal support based upon the factors enumerated in the statute. In reaching this conclusion, we note that appellant at no point seeks to challenge the trial court's determination as to any specific statutory factor.

{¶ 16} In light of all of the foregoing, we find that the trial court's decision to order appellant to pay appellee spousal support was not unreasonable, arbitrary, or unconscionable. The trial court carefully considered all of the statutory factors and found numerous reasons, expressly based upon R.C. 3105.18 and supported by evidence in the record, why the award of spousal support in this case was reasonable and appropriate. Accordingly, we find appellant's sole assignment of error not well-taken, and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J. _____

_____
JUDGE

Gene A. Zmuda, J. _____

_____
JUDGE

Myron C. Duhart, P.J. _____
CONCUR.

_____
JUDGE


8.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.